IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID DAVON GOLDEN, # 337160 | * |
| Plaintiff | * |
| v | *   Civil Action No. PJM-15-367 |
| RICHARD MILLER, Warden, et al.[1] | * |
| Defendants | * |
| | *** |

**MEMORANDUM OPINION**

The above-captioned case was opened on February 9, 2015, upon receipt of self-represented petitioner David Davon Golden's Complaint for injunctive relief alleging denial of access to the courts. On February 18, 2015, the Court granted Golden's Motion to Proceed in Forma Pauperis (ECF 2) and directed him to supplement the Complaint to specify the injury he has sustained as a result of the matters alleged. (ECF 3). On February 23, 2015, Golden filed a supplement to his Complaint. (ECF 5).

**BACKGROUND**

Golden, who is an inmate at North Branch Correctional Institution ("NBCI"), complains that inmates in his segregated disciplinary housing unit may access legal material only by way of the paper-based Legal Assistance State Institution ("LASI"), which is slow and inadequate to meet his legal needs. He instead requests access to the "Nexis Lexis computer satellite system" and computer discs. (ECF 1, p. 3). Golden states generally that he has pending a 28 U.S.C. § 2254 successive petition pending, a Motion to Modify or Reduce Sentence, and a Motion to Reopen Post-Conviction Hearing, and needs access to transcripts and case law. (ECF 1). Golden

---

[1] Golden also names Lieutenant Wilt and Rebecca Hammon, a prison librarian, as Defendants. (ECF 1).

also states that he raised his concerns by way of the Administrative Remedy Procedure process ("ARP"). (ECF 1, Ex. 1).  His ARP request was dismissed on January 8, 2015 as follows:

> Our review of your administrative remedy has been completed and your case has been dismissed in accordance with DCD 185-001. Specifically, you are requesting a satellite computer in Housing Unit # 1 because the LASI method is too time consuming. An investigation revealed that the slower speed of gathering information has not denied you access to adequate legal reference or access to the courts therefore the complaint is moot. Therefore, you have adequate legal access through LASA. Your administrative remedy allegations are without merit.

*Id.*

In this Complaint, Golden seeks access to "modern day technology with computer disc" or a transfer to a different housing unit so that he will not miss "numerous opportunities to put affective [sic] court petitions in had it not been for the denial of access to the courts, computer satelite [sic] system nexis lexis to read trial disc proceedings." (ECF 1, p 5).

In his supplement, Golden states that on February 18, 2015, he was recommended by the Administrative Segregation Review team for placement in the general prison population, and acknowledges that his transfer gives him access to the legal research systems he is requesting. However, he disputes this transfer renders his claim moot. (ECF 5, p. 1). He states that "he has been [in] admin seg placement numerous times" and asks that this case not be dismissed as moot "due to future placement and others' inability to research disc." *Id*.  In support, Golden indicates he has been in administrative segregation eight times. *Id.* For this reason, he appears to alter his initial request for relief to ask this Court to "[o]rder NBCI to place satelite [sic] system into H.U. 1 immediately. *Id*.

## DISCUSSION

Golden filed the Complaint under 28 U.S.C. §§ 1915, which permits an indigent litigant

2

to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Golden. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n. 3).

Golden has failed to state a claim on which relief can be granted in regard to the denial of access to the court claim. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Harris*, 430 U.S. 817, 821 (1977). The right of access to the courts, however, is the right to bring to court a grievance, and violation of that right occurs only when an inmate is

"hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). To present a claim denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id*. at 349. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Golden provides no facts or evidence to show actual injury. He does not specify what legal materials he needs, or how he has suffered actual harm by using the LASI process. He does not allege he was denied access to legal materials, but only that he does not care for the system he is provided for legal research and data storage. Golden's speculative assertions of possible future legal harm are inadequate to state a denial of access to the courts claim. Specifically, Golden fails to state how his purported inability to access materials prevented him from preparing an effective defense, or caused him to miss a deadline for filing for a new trial. Simply put, his unsubstantiated allegations are insufficient to state a claim of constitutional dimension,[2] and this case will be dismissed for failure to state a claim upon which relief can be granted.

To the extent Golden, who provides no evidence that he is an attorney, attempts to raise claims on behalf of other inmates in Housing Unit 1, he may not do so. To state a civil rights

---

[2] For this reason, the Court need not reach Golden's assertions regarding the mootness of his claims.

claim, a prisoner must allege that he sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977).[3] Thus, Golden may not seek relief on behalf of his fellow inmates.

## CONCLUSION

For the reasons stated above, the Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted, by separate Order to follow.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 3, 2015

---

[3] Of course, each inmate may raise his own claims.